# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

### WOODS *a.* DE FIGANIERE.

*Supreme Court, First District; General Term, Jan.,* 1863.

EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.—CAUSE AT
ISSUE.—WITNESS.—MILEAGE.—CONTEMPT.

A party to an action within the meaning of the Code is one who is named plain-
tiff or defendant, and appears on the record as such.

Thus, where the nominal defendant was the president of an unincorporated joint-
stock company, and the demand in suit was against the company only ;—*Held,*
that he was the party defendant, and might be required to submit to examina-
tion as such.

An order for the examination of the adverse party before trial, is not invalid be-
cause the fact that the cause is at issue does not appear by affidavit.

A party who was summoned to appear for examination under section 391 of the
Code of Procedure, sent his attorney on the return-day to claim that his exam-
ination was unauthorized. *Held,* that this, if not a waiver of his right to mile-
age, was, at least, an admission of the sufficiency of the sum which had been
paid to him ; and threw upon him the burden of showing that proper mileage
was not tendered.

To authorize the punishment of a party for contempt, in refusing to be examined,
under sections 390-393 of the Code of Procedure, it need not appear that the
misconduct was calculated to, or did, defeat, impair, impede, or prejudice the
rights or remedies of any party, as required by 2 Rev. Stat., 538, § 20, in ordi-
nary cases of contempt.

Appeal from an order declaring the defendant in contempt,
and directing that his answer be stricken out unless he sub-
mitted to examination.

This action was brought by William S. Woods and others against Louis F. De Figaniere, President, &c. The demand in suit was against a joint-stock company, of which the defendant was president. A summons was issued, requiring the defendant to appear and be examined, pursuant to section 391 of the Code. The defendant declined to appear, and it was subsequently directed that an attachment issue against defendant, and that his answer be stricken out unless he appeared and submitted to examination. From this order the defendant appealed.

*Daniel M. Porter*, for the appellant.—I. The summons for the appellant's appearance was obtained without any proof that the cause was at issue, which is necessary. (3 *Sandf.*, 718.) By the Revised Statutes, no testimony could be taken before trial, without an affidavit specifying certain facts essential, and must show the cause is at issue (1 *Code R.*, 128; 6 *Cow.*, 400; 2 *Johns.*, 478; 3 *Ib.*, 259), or an excuse for applying before issue. In all cases, an affidavit was necessary. The copy of the affidavit must be served. (3 *Sandf.*, 719; 1 *Ib.*, 713.) By section 392 of the Code, it is substantially enacted that the judge may require the attendance of the party, upon the proof being made to him which would authorize a conditional examination. An affidavit showing the cause is at issue is essential to the application. (6 *Cow.*, 400; 3 *Sandf.*, 718.) Again, by the law, a party seeking a remedy must first show he is entitled to it. He cannot get an order or process, and make his affidavits afterwards. Before a party can institute proceedings which he intends to make the foundation of a tortious conviction upon any action of a court or judge by order or other process issued by the court or judge, the facts necessary to warrant such order or process must be shown to the judge, and the party be served with the process. The party must show that he has taken all necessary steps, and that all the events have happened which would authorize the judge or court to grant the process at the time he applies for the process, and that affidavit must be served. (Allen *a.* Hudson, 6 *Cow.*, 400, and the authorities above cited.) It was conceded that the subpœna had once been denied by the chief justice, and it was also irregular and void. (Draper *a.* Henningsen,

1 *Bosw.*, 611; Lafarge *a*. Lafarge Insurance Co., 14 *How. Pr.*, 26.)

II. The appellant is not a party within section 391, but the joint-stock association is. The judgment will be not against the appellant, but against the association, and can only affect their joint property. (3 *Rev. Stat.*, 5 ed., 777.) The defendant is not sued in a representative capacity, but the association is sued as a body, by serving him, and in his name, as president. The action in effect is as if against a corporation, as only the property of the whole body can be affected by the judgment. It does not appear that the appellant is a member of the association; he could be and act as the officer, and be a mere clerk. Nor does the fact that as between themselves the associates are copartners, for by the statute they are for the purposes of this action a body aggregate. It cannot be claimed that where a corporation is sued through its president that he is the party defendant, but the corporation is.

III. This examination cannot be based upon the principle of an old bill of discovery, nor is there an affidavit of its necessity. (3 *Sandf.*, 719.) Again, bills of discovery were allowed because the party could not examine his adversary at the trial. The Code, which abolished the discovery, made the examination at the trial legal. The reason for the discovery ceasing, it was abolished. By giving effect to that part of the order which strikes out the answer, being in substance the answer of many persons, would but punish parties who had committed no offence. (Anderson *a*. Johnson, 1 *Ib.*, 713.)

IV. The order is erroneous. 1. It is not alleged therein that the misconduct alleged was calculated to and did impair, defeat, impede, and prejudice the rights or the remedies of the plaintiff, which the court must find and embrace in the order. (9 *Paige*, 372; 2 *Ib.*, 183; 3 *Rev. Stat.*, 5 ed., 852, §§ 1, 2; People *a*. Compton, 1 *Duer*, 512.) 2. It does not appear that the original summons was shown to the appellant. 3. It does not appear that the fees of the witness were paid him, as required by 2 *Rev. Stat.*, 401, § 44.

V. The order appealed from directs an attachment to issue, and is made at special term, whereby (2 *Rev. Stat.*, 401, § 46) only the judge or officer issuing the summons can issue his warrant, and bring the witness before the officer. Section 47

directs, that upon the party being before the officer, and refusing to be examined, the officer, by warrant, may commit him to the common jail; by these sections, no other than the judge or officer issuing the summons can act. The order to show cause upon which this motion is based, is for non-attendance, and not for refusing to be examined. If the order was for the latter, it would be defective under section 48. In the case of Draper *a.* Henningsen (1 *Bosw.*, 611), this court held that, by section 392 of the Code, a party may be compelled to attend in the same manner as a witness to be examined conditionally. Section 394 declares the consequences of a refusal to attend and testify. But sections 390, 391, are all the sections that prescribe the manner in which the examination of a party may be had.

*Anthony R. Dyett,* for the respondents.

By THE COURT.*—BOSWORTH, Ch. J.—A further consideration of the subject-matter of this appeal, confirms the convictions formed on the argument before me at special term. In addition to the reasons there assigned for granting the order appealed from, the following seem to me to be pertinent and conclusive.

1. The Code declares that "a party to an action may be examined as a witness, at the instance of the adverse party" (§ 390), and that this may be had at any time before the trial (§ 391).

What does the Code here mean by the words, "a party to an action"? Clearly, it means any and every person, who, throughout its provisions, is described as a party to an action. A party to an action is one who is named as plaintiff or defendant, and appears on the record as such, and no other is meant.

The title "Parties to Civil Actions" prescribes who may sue as plaintiffs and who may be sued as defendants.

By section 134, the summons is to be served on the defendant personally, except when served on a corporation, or a minor under the age of fourteen years, or the persons named in subdivision 3 of that section.

---

* Present, BOSWORTH, Ch. J., MONCRIEF and ROBERTSON, JJ.

Pleadings, when verified, must be verified by the *party*, except in the case of a corporation, or where they are verified by an agent (*Code*, § 157), on a sufficient excuse being shown therefor.

The summons in this case was served on De Figaniere as a party to the action, and the answer is verified by him as the defendant in the action.

All the provisions of the Code, as the general rule, when treating of parties to the action, mean only the parties to the record, whether nominal parties, or the actual parties in interest. And where a plaintiff or defendant is but a mere nominal party, and has no interest in the event, and his property cannot be touched by the judgment, he alone is included in the description of a party to the action; and the person for whose immediate benefit the suit is prosecuted or defended is not included in the description.

Hence, the chapter entitled "Examination of Parties" (§§ 389, 395), after providing for the examination of "a party to an action," the means of compelling it, and the penalties of refusing, declares that "a person for whose immediate benefit the action is prosecuted or defended, though not a party to the action, may be examined as a witness, in the same manner and subject to the same rules of examination as if he were named a party."

This provision demonstrates that, in the intent and meaning of the Legislature, only those named on the record as plaintiffs or defendants, whether suing or sued in their own right or in a representative capacity, whether having an actual interest in the result or not, are parties to the action, and sections 389 and 395 are as applicable to one party as another. Whatever rights one party has under these sections, every other party has; and whatever any one may be required to do, in the matter of submitting to an examination, every other one may be required to do.

There are no provisions authorizing a discrimination in this regard between parties,—none are exempted from a liability to be examined as such.

De Figaniere is the only party defendant in this action. He is a nominal party, and is so named in the statute by force of which he is sued. (2 *Rev. Stat.*, 5 ed., 777, § 124.)

He is as much a party as an executor, or any other party named in section 317 of the Code. They have no actual interest in the result, and their property cannot be touched on a judgment against them, not even for the costs of the action, unless charged with them personally for mismanagement or bad faith. (§ 317.) This defendant is described in that section by the words, " a person expressly authorized by statute" to prosecute or defend an action.

The joint-stock company is not a party to the action, it is not a legal entity, and as such can neither sue nor be sued. The individual associates, as such, are not parties. The action is defended for the immediate benefit of the joint-stock company, but that is not a party, and cannot be made one. It has no capacity to sue or be sued, as such, and therefore cannot appear on the record as a party.

De Figaniere is the nominal party defendant, and the only person named as a party defendant; and to claim immunity from the statute compelling a party to submit to be examined, must show that some parties, when nominal parties only, are exempt, and that he comes within the class of exempt parties.

This has not been shown. On the contrary, the Code includes all parties to the action, whether nominal or the actual parties in interest; and he is, therefore, liable to be examined the same as any other party.

2. The cause being, in fact, at issue, the notice to the defendant to appear and be examined was regular, and the giving of it entitled the plaintiff to the summons. No affidavit was requisite to authorize a judge to issue the summons. (*Code*, § 392; 3 *Rev. Stat.*, 5 ed., 684, §§ 58, 59.)

3. It does appear that the original summons was shown to the defendant.

4. It also appears that the defendant was paid, and accepted, fifty cents as his fees, and that he was served in New York city. And it further appears by the affidavit of Mr. Porter, that he, in behalf of the defendant, attended before the judge, and stated, as the reason why the defendant did not appear and submit to an examination, " that De Figaniere was not a defendant nor a party, but that the association was the party defendant, and not said De Figaniere. Consequently, the defendant did not appear, and that deponent made this state-

ment to the court, that the court might see no disrespect was intended to the court."

Under such circumstances, the fact that possibly De Figaniere was entitled to mileage, cannot be made available unless it affirmatively appears that he was; and even then, it is doubtful whether he did not waive it.

The fact that the order does not declare that it was adjudged that the alleged misconduct was calculated to, and did impair, defeat, impede, and prejudice the rights or remedies of the plaintiff, is immaterial in this case.

By the Code (§ 394), "If a party·refuse to attend and testify, . . . he may be punished as for a contempt, . . . and his answer be stricken out." The order states that it was found as a fact, that he did not appear to testify, &c.

The statute under which the decisions in 9 *Paige*, 372, and 1 *Duer*, 512, were made, renders it indispensable to a valid conviction that it be found that the misconduct "was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of" the party complaining of such misconduct. (3 *Rev. Stat.*, 5 ed., 849, § 1; 852, § 20.)

In a proceeding under section 394 of the Code, it cannot be necessary that the order of conviction should require the finding of more facts than under that section need be established to justify the imposition of the fine, or the striking out of the defendant's answer.

The order appealed from should be affirmed.