(57 App. Div. 408.)

REILLY v. KRAUSE et al.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

1. COSTS—SECURITY—ACCRUAL OF CAUSE OF ACTION.

    Code Civ. Proc. § 3268, authorizes defendant to require security for costs where the plaintiff is an assignee in bankruptcy, where the action is brought on a cause of action arising before the adjudication in bankruptcy. *Held*, in a suit by the assignee to set aside conveyances made before the adjudication, that where no cause of action arose before the adjudication, defendant being in no position to avoid the transfers, and there being no judgment creditors to attack them, defendant was not entitled to require security for costs.

**2. SAME.**

Under Code Civ. Proc. § 3271, authorizing the court, in its discretion, to require plaintiff, where he is the trustee of an express trust, to give security for costs, the vacation of an ex parte order requiring security for costs, in a suit by the trustee in bankruptcy to set aside conveyances by the bankrupt, is within the exercise of such discretion.

Appeal from special term, New York county.

Suit by Terence S. Reilly, as trustee in bankruptcy, against Jacob Krause and Louis Friedenberg, impleaded, etc. From an order vacating an ex parte order requiring plaintiff to give security for costs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Charles L. Cohn, for appellants.

David Bandler, for respondent.

PATTERSON, J. The plaintiff, trustee in bankruptcy of Rosenberg & Krause, brought this action against the bankrupts and three other persons, seeking to have set aside and declared void various assignments and transfers of goods, wares, and merchandise, book accounts, bills receivable, and other instruments for the payment of money. He claimed that some of such transfers or assignments were made to each of the defendants, other than the bankrupts, and specific allegations of the nature of the assignments and transfers, and the time at which they were made, are contained in the complaint. All of the assignments and transfers are alleged to have been fraudulent, and made as the result of a conspiracy to defraud the creditors of the bankrupts, and that the transactions in which such assignments were made were merely sham transactions, intended to cheat and defraud the creditors of the bankrupts, and in violation of the bankruptcy law. All of the assignments and transfers were made before the adjudication in bankruptcy. After the commencement of this action, the defendant Krause (one of the bankrupts) and Friedenberg (one of the alleged fraudulent transferees) procured an ex parte order requiring the plaintiff to give security for costs, and staying all proceedings until that order was complied with, except to review or vacate it. Thereupon the plaintiff moved to vacate the order, and, that motion duly coming on to be heard, the order requiring security for costs to be given was vacated, and from that order the defendants Krause and Friedenberg now appeal. They insist that they were entitled to the order as a matter of right, under section 3268 of the Code of Civil Procedure, which, among other things, provides, in substance, that a defendant, in an action brought in a court of record, may require security for costs to be given where the plaintiff was, when the action was commenced, an assignee in bankruptcy, where the action is brought upon a cause of action arising before the adjudication in bankruptcy. The mandatory requirement of that section applies only to a case in which the cause of action sought to be enforced by a plaintiff arose prior to the adjudication in bankruptcy. This requirement does not necessarily mean only that the facts out of which an action may arise shall exist

before the adjudication in bankruptcy. The words "cause of action" are sometimes obscurely used in legislation. As was remarked in Veeder v. Baker, 83 N. Y. 160: "Jurists have found much difficulty in precisely defining a cause of action. Pom. Rem. § 452. It may be said to be composed of the right of the plaintiff, and the obligation, duty, or wrong of the defendant, and these combined, it is sufficiently accurate to say, constitute the cause of action." Before the adjudication in bankruptcy involved in this case was made, the right to avoid the fraudulent transfers, and recover the value of the property thus fraudulently transferred, was certainly not in the bankrupts. Nor does it appear that there were any judgment creditors who could attack those transfers. There was therefore no cause of action, of the character set out in the complaint in this action, inhering in anybody until after the adjudication and the appointment of the plaintiff as trustee in bankruptcy. For that reason, section 3268 would not apply.

The power to compel the plaintiff to give security for costs in this case, we think, falls under section 3271 of the Code of Civil Procedure. The plaintiff was a trustee of an express trust, and under such circumstances the court may, in its discretion, require the plaintiff to give security for costs. In vacating the ex parte order, the court exercised its discretion adversely to requiring the plaintiff to give security, and, on the record before us, we are certainly not disposed to interfere with its exercise of that discretion.

The order should be affirmed, with $10 costs and disbursements. All concur.