(65 App. Div. 335.)

## CORBETT v. BRANTINGHAM.

(Supreme Court, Appellate Division, First Department.    November 15, 1901.)

1. SECURITY FOR COSTS—TIME FOR APPLICATION—WAIVER.

The failure of a defendant to obtain an order requiring plaintiff to give security for costs before answer is a waiver of his absolute right to require such security.

2. SAME—NOTICE OF MOTION.

Where security for costs is not demanded from plaintiff until after answer served, notice of the motion therefor should be given him.

3. SAME—VACATION OF ORDER.

Where, on application to vacate an order requiring security for costs granted after defendant had waived his absolute right thereto by failing to apply before answer filed, it appears that such failure is excusable, the application should be denied.

4. SAME—DELAY IN APPLICATION—EXCUSE.

Before service of supplemental summons and complaint, defendant's attorney was informed at plaintiff's late address, within the state, that she had gone into the country, the place not being disclosed. Thereafter he served notice on plaintiff requiring security for costs, but on the day following received a letter from plaintiff's attorneys that plaintiff was a resident of the state. Later plaintiff's attorneys wrote that they were unable to give plaintiff's New York address, but would have information shortly. On subsequent investigation, defendant's attorney ascertained that plaintiff had removed to Massachusetts. *Held*, that defendant's failure to demand security for costs before answer filed was excused, and that she was entitled thereto.

Patterson and Hatch, JJ., dissenting.

Appeal from special term, New York county.

Action by Agnes A. Corbett against May Thorne Brantingham. From an order vacating a prior order requiring plaintiff to give security for costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Alex. Thain, for appellant.
Allan C. Rowe, for respondent.

INGRAHAM, J. It is apparent that the defendant, by failing to obtain an order requiring the plaintiff to give security for costs before answer, waived the absolute right to require her to give such security, and, unless facts were shown to excuse a failure to make the application before the defendant answered, such security should be denied. We also think it much better practice, where such security is not required until after answer has been served, that the motion for security should be made upon notice to the other side. Here, however, it is not disputed but that the plaintiff was a nonresident prior to the commencement of the action; and the defendant, although she had waived the absolute right to an order requiring the plaintiff to give security for costs, had obtained such an order. Upon the motion to vacate that order, the question before the court was whether or not the plaintiff should be required to give such security; and, if upon the facts there appearing the court should have directed that such security be given, it would be a senseless proceeding to vacate the order which requires such security, and compel the defendant to make another motion for the relief to which she was plainly entitled. The court should not try to multiply motions, and encourage a practice which could simply result in imposing motion costs.

The special term, before granting an ex parte application compelling the plaintiff to furnish security for costs, might properly require proof that the answer had not been interposed by the party applying for the order for such security; but the real question before the court below was whether or not the plaintiff should be required to give such security, and that question, I think, should have been determined by the court upon the affidavits before it. While we have held that a defendant waives his absolute right to require security, an order for such security after answer is not void. In none of the cases have we held that, where it clearly appeared that the defendant was entitled to an order for such security, the court was justified in refusing that relief. In Segal v. Cauldwell, 22 App. Div. 95, 47 N. Y. Supp. 839, we affirmed the action of the court in granting such security where an excuse for the delay was shown; and in Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351, we reversed an order granting such security because no excuse was shown, as in that case it appeared from the complaint that the plaintiff was a foreign corporation, and the defendant, therefore, had knowledge of the fact when he served his answer. In Johnson v. Railway Co., 56 App. Div. 286, 67 N. Y. Supp. 855, upon which the court bases the order appealed from, we reversed an order which refused to require the plaintiff to give the security, as in that case the order was obtained before the answer was served.

We think that the failure of the defendant to apply before answer was served was excused. The amended and supplemental summons and complaint were served on the 8th of June. Before that time the defendant's attorney had endeavored to ascertain the address of the plaintiff, but had been informed at her late address, which was in the city of New York, that she had gone to some place in the country. The place, however, was not disclosed. On the 25th of June the

defendant served upon the plaintiff a notice requiring the plaintiff to give security for costs, but on the following day received a letter from the plaintiff's attorney, stating that the plaintiff was a resident of this state; and on the 29th of June one of the plaintiff's attorneys wrote to the defendant's attorney stating that they were unable to give the New York address of the plaintiff, but would probably have the information within 10 days. Upon subsequent investigation the defendant's attorney ascertained that the plaintiff had removed to Massachusetts, and on July 5th the order requiring the plaintiff to give security was obtained.

We think that the failure of the defendant to move before service of the answer was excused, and that the plaintiff should be required to furnish the security. It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur. PATTERSON and HATCH, JJ., dissent.

