(75 App. Div. 447.)

## JOSEPH v. RAFF.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. BANKRUPTS—ACTION BY ASSIGNEE—SECURITY FOR COSTS.

Code Civ. Proc. § 3268, providing that the defendant in an action in a court of record may require security for costs to be given, where the

¶ 1. See Costs, vol. 13, Cent. Dig. § 418.

plaintiff was, when the action was commenced, an assignee in bankruptcy, and the cause of action arose before the adjudication in bankruptcy, is mandatory, and the court has no discretion to dispense with the security.

Appeal from special term, New York county.

Action by George E. Joseph, as trustee of the estate of the Mutual Mercantile Agency, against Notman C. Raff. From an order denying defendant's motion for security for costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Walter L. McCorkle, for appellant.
William L. Cahn, for respondent.

O'BRIEN, J. The plaintiff brings this action as trustee in bankruptcy to set aside transfers made to the directors of the bankrupt corporation, on the ground that they were without consideration, and were made at a time when the corporation was insolvent. The defendant made a motion for security for costs, which was denied, and from the order so entered he has appealed.

The question thus presented is whether, under the construction to be given to section 3268 of the Code of Civil Procedure, the defendant is entitled, as matter of right, to an order requiring the plaintiff to give security for costs. It appears that the alleged cause of action arose prior to the assignment or adjudication in bankruptcy, or the appointment of the plaintiff as trustee; and the special term, relying, no doubt, upon what was said by this court in the case of Joseph v. Makley, 73 App. Div. 157, 76 N. Y. Supp. 669, and assuming, therefore, that the granting of security for costs was discretionary, denied the application. In the Makley Case, supra, the special term had denied the application upon the ground of want of power, and the question presented was as to whether that order was right; and we held that the court had power, and sent the motion back to the special term, so that the judge there might have the opportunity to examine into the facts, and determine the application on the merits. In discussing the construction to be given to section 3268 of the Code of Civil Procedure, however, we fell into error in stating that the granting of security for costs is discretionary; it being apparent from a re-examination of that section that it is mandatory, and that, with respect to causes of action arising prior to the adjudication in bankruptcy, the defendant, assuming he is not guilty of laches, is entitled, as matter of right, to security for costs. The discussion in the Makley Case, supra, was unnecessary to our decision, which in itself was right. But the discussion, whether necessary or not, was wrong so far as it was therein stated that applications under section 3268 of the Code were addressed to the discretion of the court. Where the application is made under section 3271, there it is discretionary, while, as we have said, in cases falling under section 3268 it is mandatory on the court, where the application is properly and seasonably presented. The distinction between sec-

tions 3268 and 3271 of the Code of Civil Procedure has been clearly stated in Welch v. Gaffney, 1 How. Prac. (N. S.) 146, as follows:

"Where an official assignee of a debtor sues upon a cause of action arising 'before the assignment,' he may be required by the defendant, as of right, to give security for costs. Code, § 3268. Where the cause of action comes to the assignee 'subsequent to the assignment,' it is discretionary with the court whether it will require the plaintiff to give security or not. Code, § 3271. This is the feature which distinguishes these two sections. If, for example, the defendant had bought the goods from the assignee 'subsequent' to the assignment, or if he had taken property from the assignee's possession, the case would have been brought under the provisions of section 3271, supra. In the present instance the cause arose prior to the assignment, and the assignee must give security for costs."

This distinction, also, was recognized by this court in the case of Rielly v. Rosenberg, 57 App. Div. 408, 68 N. Y. Supp. 265, and Kelley v. Kremer, 74 App. Div. 456, 77 N. Y. Supp. 515.

The present application, therefore, falling as it does within section 3268 of the Code of Civil Procedure, should have been granted, as the defendant was entitled, as matter of right, to have the plaintiff file security for costs.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted. All concur.