(74 App. Div. 456.)

### KELLEY v. KREMER et al.

(Supreme Court, Appellate Division, First Department.　July 8, 1902.)

1. BANKRUPTCY—ACTION BY TRUSTEE—COSTS—SECURITY FOR.

　　A defendant in an action by a trustee in bankruptcy on a cause accruing after the appointment of the trustee is not entitled to security for costs under Code Civ. Proc. § 3268, which provides that such security shall be given if the cause of action existed before the adjudication.

2. SAME—EX PARTE APPLICATION.

　　Code Civ. Proc. § 3271, authorizing the court, in its discretion, to require a trustee of an express trust to give security for costs on bringing suit, does not authorize the court to require such security on an ex parte application by defendant.

3. SAME—MOTION TO VACATE.

　　The right of a defendant to security for costs, under Code Civ. Proc. § 3271, authorizing the court, in its discretion, to require security for costs in actions by trustees of express trusts, etc., may be considered on motion to vacate an unauthorized ex parte order requiring security.

4. SAME—WAIVER OF SECURITY.

　　The filing of an answer in an action by a trustee in bankruptcy before the making of an application for security for costs is a waiver of the right to such security unless defendant shows a good excuse.

5. SAME.

　　An affidavit setting up that defendant filed his answer before making application for security for costs because the court was not in session for ex parte business, so that he could not secure an extension of time to answer, does not show facts relieving him from his failure to apply for security before answering, as the time to answer could be extended by any judge.

Appeal from special term.

Action by M. Edwin Kelley, as trustee in bankruptcy, against Benjamin M. Kremer and others.　From an order denying plaintiff's motion to vacate a prior order requiring him to give security for costs, he appeals.　Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ

Mark H. Ellison, for appellant.

Benjamin Patterson, for respondents.

HATCH, J.　The plaintiff, a trustee in bankruptcy, brings this action to set aside certain assignments which gave an unlawful preference to certain creditors in violation of the provisions of the bankrupt laws.　·After the joinder of issue by the service of an answer, the defendants applied for and obtained an ex parte order under section 3268 of the Code of Civil Procedure, requiring the plaintiff, as such trustee, to file security for costs.　The plaintiff thereupon moved to vacate such order upon the ground that, as no cause of action existed in favor of anybody prior to the appointment of the plaintiff as trustee, the provisions of section 3268 did not apply.　There is no doubt as to the correctness of the plaintiff's contention in this respect.　Rielly v. Rosenberg, 57 App. Div. 408, 68 N. Y. Supp. 265.　It is only where the cause of action has existence prior to the adjudication in bankruptcy

¶ 4. See Costs, vol. 13, Cent. Dig. § 533.

that the defendant becomes entitled to require security for costs as matter of right. Schreier v. Hogan, 70 App. Div. 2, 74 N. Y. Supp. 1051. The court below denied the motion to vacate upon the ground that by virtue of section 3271 of the Code of Civil Procedure there existed the right to grant the order requiring security for costs to be filed in its discretion. It is undoubtedly true that the court possesses such power, and may exercise it in a proper case; but the application under this section cannot be made ex parte. Notice is required, and application must be made to the court. Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015. It is clear, therefore, that the first order was improperly granted, and the plaintiff became entitled to have his motion granted, unless the court was authorized upon the motion to vacate to hear and determine the question upon the merits, treating the same as though motion had been made therefor, as the parties were then all before the court. There is authority for such conclusion, and in a proper case the court may consider and dispose of the question of the right to the security for costs as a discretionary matter upon a motion made to vacate the ex parte order. Corbett v. Brantingham, 65 App. Div. 335, 72 N. Y. Supp. 763. It is the settled rule, however, that the defendant must make his motion to file security for costs before service of the answer, as by such service he waives the right to such security. Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351. In the present case, therefore, the plaintiff was entitled to relief upon two grounds: First, the Code did not authorize an ex parte application; and, second, there was waiver of right to security by the service of the answer. The court, however, had power to relieve from the latter condition upon the defendant showing facts which excused its default in not moving earlier, and relieving from the effect of the waiver. It is the claim of the respondents that they showed themselves entitled to such relief. The affidavit in excuse, however, shows that the defendant served his answer with full knowledge of what its effect would be. He avers as an excuse that he could obtain no extension of time to answer, and that the court for ex parte business was not in session, so that he could not obtain an extension of time. It is not disclosed by the affidavit that he made the slightest effort to procure an order extending his time to answer. Such order could be granted by any judge, either in or out of court. There is not a word in the defendants' affidavit to show that he ever prepared a paper or sought to find a judge to obtain an order of extension, but, relying upon the fact that the court was not in session, served his answer, and took his chances of being relieved from the condition in which such act placed him. There is, therefore, not the slightest excuse shown entitling the defendants to relief from the waiver which the service of the answer involved. Nor did they attempt to take immediate action to secure such result, but, on the contrary, applied ex parte, and as matter of right. There was no ground, therefore, upon which the court was authorized to exercise its discretion under section 3271 of the Code.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.