## KRONFELD v. LIEBMANN.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. SECURITY FOR COSTS—TRUSTEE IN BANKRUPTCY—CLAIMS ARISING SUBSEQUENT TO APPOINTMENT.

Where suit was brought by a trustee in bankruptcy to recover money paid by the bankrupt to defendant within four months before the filing of his bankruptcy petition, and to set aside an alleged fraudulent conveyance of the bankrupt's business to defendant, and it appeared that the cause of action did not accrue prior to plaintiff's appointment as trustee, defendant was not entitled to an order compelling plaintiff to give security for costs as a matter of right under Code Civ. Proc. § 3268, authorizing a defendant to require security for costs from the debtor's trustee in bankruptcy where the action is brought on a cause of action arising before the appointment of the trustee.

2. SAME—DISCRETION OF COURT.

A defendant in an action by a trustee in bankruptcy cannot obtain an order compelling the plaintiff to give security for costs on an ex parte application therefor, under Code Civ. Proc. § 3271, providing that in an action by the trustee of an express trust or by an official assignee the court may, in its discretion, require plaintiff to give security for costs.

Appeal from special term, New York county.

Action by Marcus Kronfeld, as trustee in bankruptcy of Abraham Hammel, against Herman Liebmann. From an order directing plaintiff to give security for costs resettled by a subsequent order denying plaintiff's motion to vacate the order, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

I. Henry Harris, for appellant.
Herman H. Oppenheimer, for respondent.

LAUGHLIN, J. The order requiring the plaintiff to give security for costs was made by a justice out of court on the ex parte application of the defendant. The action is by the trustee in bankruptcy of Abraham Hammel. Two causes of action are set forth in the complaint. The first is to recover $400, alleged to have been paid to the defendant by the bankrupt within four months before the filing of his petition which it is charged constituted a voidable preference under the bankruptcy act. The second is to set aside an alleged fraudulent transfer of the bankrupt's butcher business to the defendant. It is stated in the affidavit of the defendant's attorney upon which the order was obtained, that some of the creditors of the bankrupt had recovered judgments upon their claims prior to the appointment of the plaintiff as trustee; but it is not shown that execution was issued or returned unsatisfied on any such judgment, or that any judgment creditor was in a position to maintain an action to set aside the transfer of this property prior to the appointment of the plaintiff as trustee. Adsit v. Butler, 87 N. Y. 585; Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13. It must be assumed, therefore, that the cause of action did not accrue prior to the appointment of the plaintiff as trustee. Rielly v. Rosenberg, 57 App. Div. 410, 68 N. Y. Supp. 265; Schreier v. Hogan, 70 App. Div. 3, 74 N. Y. Supp. 1051. The defendant was not, therefore, entitled to an order for security for costs under section 3268 of the Code of Civil Procedure, which authorizes such orders as matter of right. Joseph v. Raff, 75 App. Div. 447, 78 N. Y. Supp. 310. Security for costs may also be required of a trustee in bankruptcy under section 3271 of the Code of Civil Procedure, but this requires an application to the court upon notice, and the granting of the order rests in judicial discretion. Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015; Kelley v. Kremer, 74 App. Div. 456, 77 N. Y. Supp. 515. In the case at bar the order was granted by a judge out of court, and without notice. This is proper practice where the party is entitled to the order as matter of right, but manifestly not where the order may only be granted by the court upon notice. The plaintiff moved at special term to vacate the order upon the papers upon which it was granted, no other papers being used except an affidavit for the purpose of obtaining an order to show cause. It thus appears that the only question before the special term was whether the order was properly granted. The order should have been vacated, it appearing that it was clearly unauthorized. Where a party is entitled to an order for the filing of security for costs as matter of right, which may be granted ex parte and by a judge out of court, but has been guilty of laches by neglecting to move until after answering, and in his motion papers has failed to excuse the delay, the court may, on the plaintiff's application to vacate the order on that ground, deny the motion, and allow the order to stand, if it then appears that the delay has been satisfactorily explained. Corbett v. Brantingham, 65 App. Div. 335, 72 N. Y. Supp. 763. The Corbett Case, supra, was cited in Kelley v. Kremer, supra, as authority for the proposition that in a proper case the court may consider and dispose of the question as to the propriety of requiring security for costs on an application to vacate the order. This certainly was not a proper case for the court to determine the merits

of the application as a question addressed to the discretion of the court. It is difficult to conceive of a case where the court, on an application to vacate an order made by a judge ex parte, which should have been made by the court on notice, may properly consider the question of the propriety of the court's requiring security unless the parties consent thereto, or a counter motion on notice is returnable at the same time. Manifestly, in such case, no life could be infused into the unauthorized ex parte order, and the only authority for requiring the security would be the order made by the court itself upon the hearing. The plaintiff has not been afforded the opportunity which the law gives him of meeting the defendant's evidence, upon which alone the discretion of the court could be invoked. The practice adopted by the plaintiff was proper. He desired merely to challenge the validity and propriety of the ex parte order upon the papers upon which it was granted, and his motion to vacate that order should have been granted.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.