MARCUS KRONFELD, as Trustee in Bankruptcy of ABRAHAM HAM-
MEL, Bankrupt, Appellant, *v.* HERMAN LIEBMAN, Respondent.

*Security for costs — when a defendant sued by a trustee in bankruptcy may compel*
*it as a matter of right — when it rests in the discretion of the court — a motion to*
*vacate an order improperly made should not be treated as an original application*
*for the order.*

Where, in an action by a trustee in bankruptcy to set aside a preference voidable
under the Bankruptcy Act (30 U. S. Stat. at Large, 562, § 60), and also to set
aside an alleged fraudulent transfer of the bankrupt's business to the defend-
ant, it appears that some of the bankrupt's creditors had recovered judgments
upon their claims prior to the plaintiff's appointment, but it is not shown that
an execution was issued or returned unsatisfied upon any of the judgments or
that any judgment creditor was in a position to maintain the action prior to
the plaintiff's appointment as trustee, it must be assumed that the cause of
action did not accrue prior to such appointment. The defendant is, therefore,
not entitled, as a matter of right, under section 3268 of the Code of Civil Pro-
cedure, to an order requiring the plaintiff to give security for costs, but the
plaintiff may, in the discretion of the court, be required to give such security
under section 3271 of the Code of Civil Procedure. If the application is made
under section 3268 it may be made *ex parte* to a justice out of court, but if it
is made under section 3271, it must be made to the court upon notice.

Where an order requiring a plaintiff to give security for costs is made on an *ex*
*parte* application by a judge out of court under section 3268 of the Code of
Civil Procedure, in a case where the application should have been made to the
court upon notice under section 3271 of the Code of Civil Procedure, the court
has no power to treat the motion to vacate as an original application under sec-
tion 3271 and to refuse to vacate the order if, in his discretion, he determines
that the case is a proper one for requiring security to be given.

APPEAL by the plaintiff, Marcus Kronfeld, as trustee in bank-
ruptcy of Abraham Hammel, from an order of the Supreme Court,
made at the New York Special Term and entered in the office of
the clerk of the county of New York on the 11th day of Novem-
ber, 1902, which order was resettled by an order entered in said
clerk's office on the 2d day of December, 1902, denying the plain-
tiff's motion to vacate and set aside an order theretofore granted in
the action requiring the plaintiff to file security for costs.

*I. Henry Harris,* for the appellant.

*Herman H. Oppenheimer,* for the respondent.

LAUGHLIN, J.:

The order requiring the plaintiff to give security for costs was made by a justice out of court on the *ex parte* application of the defendant. The action is by the trustee in bankruptcy of Abraham Hammel. Two causes of action are set forth in the complaint. The first is to recover $400 alleged to have been paid to the defendant by the bankrupt within four months before the filing of his petition, which it is charged constituted a voidable preference under the Bankruptcy Law (30 U. S. Stat. at Large, 562, § 60.) The second is to set aside an alleged fraudulent transfer of the bankrupt's butcher business to the defendant. It is stated in the affidavit of the defendant's attorney, upon which the order was obtained, that some of the creditors of the bankrupt had recovered judgments upon their claims prior to the appointment of the plaintiff as trustee; but it is not shown that execution was issued or returned unsatisfied on any such judgment or that any judgment creditor was in a position to maintain an action to set aside the transfer of this property prior to the appointment of the plaintiff as trustee. (*Adsit* v. *Butler,* 87 N. Y. 585; *Prentiss* v. *Bowden,* 145 id. 342.) It must be assumed, therefore, that the cause of action did not accrue prior to the appointment of the plaintiff as trustee. (*Rielly* v. *Rosenberg,* 57 App. Div. 410; *Schreier* v. *Hogan,* 70 id. 3.) The defendant was not, therefore, entitled to an order for security for costs under section 3268 of the Code of Civil Procedure, which authorizes such orders as matter of right. (*Joseph* v. *Raff,* 75 App. Div. 447.) Security for costs may also be required of a trustee in bankruptcy under section 3271 of the Code of Civil Procedure; but this requires an application *to the court upon notice,* and the granting of the order rests in judicial discretion. (*Pursley* v. *Rodgers,* 44 App. Div. 139; *Kelley* v. *Kremer,* 74 id. 456.) In the case at bar the order was granted by *a judge out of court and without notice.* This is proper practice where the party is entitled to the order as matter of right; but manifestly not where the order may only be granted by the court upon notice. The plaintiff moved at Special Term to vacate the order upon the papers upon which it was granted, no other papers being used except an affidavit for the purpose of obtaining an order to show cause. It thus appears that the only question before the Special Term was whether the order was prop-

erly granted. The order should have been vacated, it appearing that it was clearly unauthorized. Where a party is entitled to an order for the filing of security for costs as matter of right, which may be granted *ex parte* and by a judge out of court, but has been guilty of *laches* by neglecting to move until after answering, and in his motion papers has failed to excuse the delay, the court may, on the plaintiff's application to vacate the order on that ground, deny the motion and allow the order to stand if the delay is then satisfactorily explained. (*Corbett* v. *Brantingham,* 65 App. Div. 335.) The *Corbett Case* (*supra*) was cited in *Kelley* v. *Kremer* (*supra*) as authority for the proposition that in a proper case the court may consider and dispose of the question as to the propriety of requiring security for costs on an application to vacate the order. This certainly was not a proper case for the court to determine the merits of the application as a question addressed to the discretion of the court. It is difficult to conceive of a case where the court on an application to vacate an order made by a judge *ex parte*, which should have been made by the court on notice, may properly consider the question of the propriety of the court's requiring security unless the parties consent thereto or a counter-motion on notice is returnable at the same time. Manifestly in such case no life could be infused into the unauthorized *ex parte* order and the only authority for requiring the security would be the order made by the court itself upon the hearing. The plaintiff has not been afforded the opportunity which the law gives him of meeting the defendant's affidavits upon which alone the discretion of the court could be invoked. The practice adopted by the plaintiff was proper. He desired merely to challenge the validity and propriety of the *ex parte* order upon the papers upon which it was granted ; and his motion to vacate that order should have been granted.

It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.