(89 App. Div. 149.)

### COLE v. MANSON et al.

(Supreme Court, Special Term, St. Lawrence County. December, 1903.)

1. SECURITY FOR COSTS—TRUSTEE IN BANKRUPTCY.

A trustee in bankruptcy is a person "expressly authorized by statute" to sue within Code Civ. Proc. § 3271, so that the right to compel him, whether a resident or nonresident, to give security for costs, rests in the discretion of the court.

Action by Charles S. Cole, trustee in bankruptcy, against John Manson and others. Motion for security for costs. Denied.

Badger & Cantwell, for the motion.
Kellogg & McCarthy, opposed.

JOHN M. KELLOGG, J. The defendants ask, as a matter of right, security for costs upon two grounds: First, that plaintiff is a nonresident; second, that he is a trustee in bankruptcy. "A person" who is a nonresident of the state may, as matter of right, be compelled to give security for costs. Code Civ. Proc. § 3268. By section 5 of the statutory construction law (Laws 1892, p. 1487, c. 677) "a person" includes a corporation and a joint-stock corporation. It does not, however, include an estate, or where an action is brought by the representative of an estate or trust as such, for the estate or trust, and not the person who represents it, is really the party. Those cases are governed by section 3271, Code Civ. Proc. Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015; Pelkey v. Town of Saranac (Sup.) 73 N. Y. Supp. 493; Id., 67 App. Div. 337, 627, 73 N. Y. Supp. 493. The cause of action in this case did not arise before the adjudication in bankruptcy, and therefore security for costs cannot be required under subdivision 4 of section 3268, Code Civ. Proc. But the granting of security in such case rests in the discretion of the court, under section 3271. Rielly v. Rosenberg, 57 App. Div. 409, 68 N. Y. Supp. 265; Kronfeld v. Liebman, 78 App. Div. 438, 79 N. Y. Supp. 1083; Kelley v. Kremer, 74 App. Div. 456, 77 N. Y. Supp. 515.

The plaintiff brings this action by virtue of section 232 of chapter 547, p. 604, of the Laws of 1896, and section 70 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565, 566 [U. S. Comp. St. 1901, p. 3451]), which authorize him to bring an action to recover property in disaffirmance of the fraudulent or prohibited act of the bankrupt. The plaintiff is therefore a person expressly authorized by statute to sue within the provisions of section 3271 of Code of Civil Procedure. Under section 317 of the Code, which is quite similar to the provisions of section 3271 of the Code of Civil Procedure, it was held that a trustee in bankruptcy is a trustee of an express

trust, and is expressly authorized by statute to sue. Reade v. Water-house, 52 N. Y. 587; More v. Durr, 45 N. Y. Super. Ct. 157; Rielly v. Rosenberg, supra. The bankrupt law takes from the insolvent debtor his property, and from that time, including the appointment of the trustee, it is administered by the law under the direction of the court; and while the creditors, at their meeting held in court, may select the trustee, if they fail to do so the court appoints one, and general order 13 in bankruptcy makes the selection of the trustee by the creditors subject to be approved or disapproved by the referee or by the judge. The trustee is not, therefore, in any sense, the selection of the bankrupt, but is chosen as a part of the proceedings in the bankruptcy court. He is therefore an official assignee, within the meaning of section 3271 of the Code of Civil Procedure. It seems that the language of section 3271, Id., while general, is made so comprehensive as to include practically every person suing or sued in a representative capacity. It therefore follows that the right to compel a trustee in bankruptcy, whether a resident or nonresident, to give security for costs, rests in the discretion of the court, under section 3271, Id., unless the cause of action arose before the adjudication in bankruptcy. The moving papers are not addressed to the discretion of the court, and the argument proceeded solely upon the theory that the plaintiff was entitled to security as a matter of right. It may be, if the condition of the trust estate or some circumstances relating to the action were shown, that this would be a proper case for the exercise of discretion, and upon a new motion these facts may be shown. The motion is therefore denied, with $10 costs, but without prejudice to the right of the defendant to renew it upon allegations addressed to the discretion of the court.

Motion denied, with $10 costs.