### RIKER v. GWYNNE.

(Supreme Court, Special Term, New York County. September, 1908.)

1. BANKRUPTCY (§ 284*)—FRAUDULENT TRANSFERS—RIGHT OF TRUSTEE TO SET ASIDE.

A trustee in bankruptcy may sue to set aside a fraudulent transfer of property without the return of execution unsatisfied.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 284.*]

2. COSTS (§ 246*)—SECURITY FOR COSTS.

An action by a trustee in bankruptcy to set aside a conveyance as in fraud of creditors was not a cause of action "arising before the assignment, the appointment of the trustee, or the adjudication in bankruptcy," within Code Civ. Proc. § 3268, subd. 4, authorizing defendant in such an action to require security for costs, though the creditors had a cause of action to set aside the conveyance before the adjudication in bankruptcy, and had obtained judgment, on which execution was returned unsatisfied, before the adjudication in bankruptcy, so that defendant was not entitled to an ex parte order requiring the trustee to give security for costs on appeal.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 246.*]

Action by one Riker, as trustee in bankruptcy, against one Gwynne. Judgment for defendants. On motion by plaintiff, a trustee in bankruptcy, to vacate an ex parte order, made at the instance of defendant, requiring plaintiff to furnish $250 security for costs, to secure costs that may accrue on an appeal by the trustee in bankruptcy from a judgment in favor of defendant in an action by the trustee in bankruptcy to set aside a transfer of real estate, on the ground that it was made with the intent to hinder, delay, and defraud creditors. The ex parte order for security for costs was based on an affidavit that showed that the principal creditor of the bankrupt had obtained judgments on which executions were returned unsatisfied before adjudication in bankruptcy. Motion granted.

See, also, 129 App. Div. 112, 113 N. Y. Supp. 404.

H. Necarsulmer (M. J. Kohler, of counsel), for the motion.
C. R. Waterbury, opposed.

BISCHOFF, J. The order requiring the plaintiff, trustee in bankruptcy, to furnish security for costs, was obtained ex parte under

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

subdivision 4 of section 3268 of the Code of Civil Procedure, on the theory that such an order for security was of right. The action being brought to set aside conveyances claimed to be in fraud of creditors of the bankrupt, the cause of action is not one "arising before the assignment, the appointment of the trustee, or the adjudication in bankruptcy." Code Civ. Proc. § 3268, subd. 4; Rielly v. Rosenberg, 57 App. Div. 408, 68 N. Y. Supp. 265; Schreier v. Hogan, 70 App. Div. 2, 74 N. Y. Supp. 1051; Kronfeld v. Liebman, 78 App. Div. 437, 79 N. Y. Supp. 1083. While in Rielly v. Rosenberg, supra, the court referred to the fact that in the application then considered it did not appear that a cause of action to set aside the transfer existed in creditors before the adjudication in bankruptcy, a circumstance affirmatively appearing in these papers, still the distinction thus sought to be availed of by the defendants upon this motion has apparently not been adopted.

The true question is, as the court noted in Rielly v. Rosenberg, whether a cause of action of the character set out in the complaint in the suit brought by the trustee was one inhering in some person prior to the adjudication in bankruptcy; and since the trustee may sue to set aside the transfers without the prior return of execution unsatisfied (Thomas v. Roddy, 19 Am. Bankr. Rep. 873, 122 App. Div. 851, 107 N. Y. Supp. 473, the particular cause of action which he asserts did not accrue to creditors, and because of its peculiar character did not arise before the adjudication in bankruptcy or the appointment of the trustee. In Kronfeld v. Liebman, supra, it appears that the general rule stated in Rielly v. Rosenberg was applied, notwithstanding that creditors of the bankrupt had recovered judgments upon their claims prior to the appointment of the trustee, and in Schreier v. Hogan, supra, the proposition that subdivision 4 of section 3268 of the Code of Civil Procedure does not apply to an action by a trustee in bankruptcy to set aside conveyances was apparently affirmed as an absolute rule of construction. I must therefore hold that the ex parte order sought to be vacated was beyond the right of the defendants to obtain, and the motion is therefore granted, with $10 costs.

Motion granted.