ROBERT C. POSKANZER, as Trustee of the Bankrupt
Estate of FLORENCE IRVING REYNOLDS, Bankrupt,
Plaintiff, v. CHARLES C. BULLOCK, JR., as Executor
and Trustee under the Last Will and Testament of
MATHEW H. BENDER, Late of the City and County
of Albany, Deceased, and FLORENCE IRVING REY-
NOLDS, Defendants.

(Supreme Court, Albany Special Term, November, 1917.)

Security for costs — who required to give — bankruptcy — costs —
Code Civ. Pro. § 3268 (4).

In an action by a trustee in bankruptcy to recover the share
of income payable to the bankrupt by the defendant as trustee
for her under a last will, the plaintiff under section 3268(4)
of the Code of Civil Procedure may be required to give security
for costs, if the cause of action sued on arose before plaintiff's
appointment as trustee in bankruptcy.

MOTION for security for costs.

Mills & Mills, for motion.

Prior & Aufsesser, opposed.

CHESTER, J.   The defendant Florence I. Reynolds
by this motion seeks to require the plaintiff, as the
trustee in bankruptcy of her estate, to give security
for costs under subdivision 4 of section 3268 of the
Code of Civil Procedure.   That subdivision authorizes
the defendant to require security for costs where the
plaintiff was, when the action was commenced, the
official assignee or official trustee of a debtor or an
assignee in bankruptcy where the action is brought
upon "a cause of action, arising before the assign-
ment, the appointment of the trustee, or the adjudica-
tion in bankruptcy."

The cause of action stated in the complaint is for moneys alleged to be payable to said defendant Reynolds on the 1st day of January, 1917, by the defendant Bullock, as trustee for her under the will of Mathew Bender, being the share of the income from the estate of said Bender which she claims she was entitled to on that date.

The plaintiff was appointed trustee in bankruptcy of her estate on April 27, 1917. Taking the allegations of the complaint as true, the defendant Reynolds could have brought an action against Bullock as her trustee under the Bender will for the recovery of those moneys at any time after January 1, 1917, and before the appointment of the plaintiff as trustee in bankruptcy. In other words, the cause of action was one arising *before* the plaintiff's appointment as trustee.

The case is therefore one covered by the provisions of the Code of Civil Procedure referred to and the defendant under the provision has the right to require the plaintiff to give security for costs.

Motion granted, without costs.