HARRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., Plaintiff, *v.* E. E. McCORMICK, Defendant.

(Supreme Court, Monroe Special Term, January, 1920.)

Venue — trustee of bankrupt corporation — Code Civ. Pro. § 984. Costs — security for — actions — fraud.

> Under section 984 of the Code of Civil Procedure the trustee in bankruptcy of a corporation is a " resident " of the county where the bankrupt had its principal office and place of business, and an action by the trustee must be brought in said county.
>
> Where the venue was laid in another county, where the trustee resides, a motion to change the place of trial will be granted.
>
> Where the action was brought to recover on a subscription to stock which defendant claims was obtained through fraud and further that the action was not brought in good faith and that there are not sufficient assets to secure any judgment for costs that may be recovered by defendant, his motion that plaintiff give security for costs will be granted.

MOTIONS to change place of trial and for security for costs.

Charles A. Drefs (James O. Sebring, of counsel), for motion.

John Griffin, opposed.

RODENBECK, J.  The corporation which the trustee in this action represents designated in its certificate of incorporation the city of Buffalo, Erie county, N. Y., as its principal office and place of business. The trustee resides in Hornell, Steuben county, N. Y.  The

defendant resides in Buffalo. The venue has been laid in the county of Steuben where the trustee resides. This motion has been made to change the place of trial to Erie county on the ground that neither party to the action resides in the county of Steuben. The Code of Civil Procedure provides that actions of this character must be tried in the county in which one of the parties resides at the commencement thereof. Code Civ. Pro. § 984. The right to change the place of trial on this motion turns upon the meaning to be attached to the words " party " and " resided." The plaintiff in this action is the trustee and not the corporation. The " party " prosecuting the action is the plaintiff. Code Civ. Pro. § 3338. This action is being prosecuted by the trustee and not by the corporation. The corporation has gone into bankruptcy and has no right to sue. The trustee alone has that right and he is, therefore, the " party " prosecuting the action. The question of the person beneficially interested in the action does not determine who is the " party " to the action. *Lane* v. *Bocklowitz,* 77 App. Div. 171; *Bacon* v. *Dinsmore,* 42 How. Pr. 368; *Woods* v. *De Figaniere,* 16 Abb. Pr. 1. The question, however, remains as to whether or not the trustee as such " party " resides in Steuben county or in Erie county for the purposes of this motion. If this action were brought by the corporation, Erie county would be the proper place of trial. *General Baking Co.* v. *Daniell,* 181 App. Div. 501; *Finch School* v. *Finch,* 144 id. 687; *Poland* v. *United Tractor Co.,* 88 id. 281; *Rossie Iron Works* v. *Westbrook,* 59 id. 345. It is, however, not brought by the corporation but by the trustee and by him, not as an individual, but as trustee and the question is, what is his place of residence as such trustee for the purposes of this action. For that purpose the residence of the corporation must be taken as that of

the trustee which in this case is the county of Erie. 34 Cyc. 424; *Ball* v. *Mabry,* 91 Ga. 781. The plaintiff, therefore, within the meaning of section 984 and for the purposes of this motion is a resident of Erie county where the corporation that he represents had its principal office and place of business.

The motion for security for costs by the defendant was made both under section 3268 and section 3271 of the Code of Civil Procedure. Under section 3268, if granted, it must be granted as a matter of course and may be granted *ex parte* where the cause of action arose before the appointment of the trustee. *Rielly* v. *Rosenberg,* 57 App. Div. 408; *Poskanzer* v. *Bullock,* 101 Misc. Rep. 590; *Joseph* v. *Raff,* 75 App. Div. 447. There is an issue in this case as to whether or not the cause of action arose before or after the appointment of the trustee. Under the amended complaint the cause of action apparently arose after the appointment of the trustee while the answer alleges that the defendant refused to pay one of the installments under the contract sued upon and rescinded the contract before the appointment of the trustee in which case the cause of action would have arisen before his appointment. It is, however, unnecessary to pass upon this question of fact since under section 3271 the court may in a proper case grant an order for security as a matter of discretion. *Graham* v. *Aschenbach,* 136 App. Div. 447; *Cole* v. *Manson,* 42 Misc. Rep. 149; *Kelley* v. *Kremer,* 74 App. Div. 456. This application may be made at any time (Code Civ. Pro. § 3272; *Belch* v. *Delaware & Hudson Co.,* 173 App. Div. 867), and must be upon notice. *Kelley* v. *Kremer, supra; Kronfeld* v. *Liebman,* 78 App. Div. 437. The defendant alleges that the contract in suit was fraudulently obtained; that the action is not brought in good faith (*Hale* v. *Mason,* 86 Hun, 499; *Ridgway* v. *Symons,* 14

Misc. Rep. 78) ; that the claims set forth in the schedule of bankruptcy exceed the assets and that there is reasonable ground for believing that a judgment for costs would be uncollectible. The plaintiff claims that there are ample assets but the defendant is evidently a man of small means who subscribed for a small amount of stock of the plaintiff company agreeing to pay installments of five dollars a month. He not only lost the money which he had paid under this subscription but he is asked to pay the remainder of the subscription although the company has gone into bankruptcy. If he cannot obtain security for costs he might as well abandon his defense. Without such security he can hardly afford to litigate the matter and he must sacrifice his alleged legal rights because of the expense of litigation. Under these circumstances it seems a proper exercise of the discretion of the court to require the plaintiff to give security for costs. Motions granted, with ten dollars costs in each motion.

Ordered accordingly.