DANIEL J. LEVOWITZ, as Trustee of the Estate of GEORGE SAMBER, Bankrupt, Plaintiff, *v.* McKESSON & ROBBINS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April 30, 1936.

*Morris H. Halpern,* for the plaintiff.

*Albert M. Lee,* for the defendant.

LEWIS (DAVID C.), J.   On July 27, 1934, judgment was entered in the Municipal Court of the City of New York in favor of Fred A. Dorfman against George Samber.

On August 9, 1934, execution on said judgment was returned satisfied to the extent of $180.

On August 17, 1934, a petition in the estate of George Samber, an alleged bankrupt, was filed.

On September 12, 1934, the said George Samber was adjudicated a bankrupt.

On November 14, 1934, Daniel J. Levowitz (the plaintiff herein) was made the trustee of the estate of the said bankrupt.

On January 21, 1936, the said trustee commenced this action to recover the said $180, alleging that the same was a preference in violation of the Bankruptcy Act.

Subdivision 4 of section 1522 of the Civil Practice Act provides that security for costs may be required of a trustee in bankruptcy where the action is brought upon a cause of action arising before the adjudication in bankruptcy.

Unless the cause of action pleaded arose before the adjudication in bankruptcy, the order for the security for costs cannot be sustained.

The complaint in this action contains no allegation of any common-law fraud or conspiracy to defraud.   The sole cause of action pleaded is an alleged preference as defined in section 60 of the Bankruptcy Act (U. S. Code tit. 11, § 96).   This right to set aside a transfer as a preference is the creature of the bankruptcy statutes and the preference is contingent upon bankruptcy.

Section 60 of the United States Bankruptcy Act (U. S. Code, tit. 11, § 96) defines this preference as follows: " A *person* shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition   *   *   * made a transfer of any of his property, and the effect of the enforcement of such   *   *   *   transfer will be to enable   *   *   *   his creditors to obtain a greater percentage of his debt."

Subdivision b of section 60 provides that if " a *bankrupt* " shall have made a transfer which operates as a preference (as defined in the preceding section) and the person receiving it shall have reasonable cause to believe that such transfer would affect such a preference, it shall be voidable by the trustee.

In the opening paragraph of section 60 (U. S. Code, tit. 11, § 96) of the statute the language is " a *person* shall be deemed to have given a preference." In the succeeding paragraph (Subd. b) the following wording is: " If a *bankrupt* shall * * * have made a transfer." (Italics mine.)

Unless there is bankruptcy, there can be no preference. Unless there is a preference there can be no cause of action. Adjudication must precede bankruptcy; consequently it was a condition precedent to the accrual of this cause of action.

" A preference is valid unless made within the prohibited date [four months of adjudication]." (Collier Bankruptcy [13th ed.], p. 1247.)

How, then, under the Civil Practice Act, can it be held that a cause of action to set aside the preference accrued before the adjudication in bankruptcy.

Prior to the 1903 amendment of the Bankruptcy Law, the rulings of our State courts were in keeping with this thought; though they did not deal with identical facts or dispose of the precise point. " The true question is * * * whether a cause of action of the character set out in the complaint in the suit brought by the trustee was one inhering in some person prior to the adjudication in bankruptcy." (*Riker* v. *Gwynne*, 116 N. Y. Supp. 10.)

" The mandatory requirement of that section applies only to a case in which the cause of action sought to be enforced by a plaintiff arose prior to the adjudication in bankruptcy." (*Reilly* v. *Rosenberg*, 57 App. Div. 408; *Kronfeld* v. *Liebman*, 78 id. 437; *Little* v. *Brinn*, 209 id. 573; *Kelley* v. *Kremer*, 74 id. 456.)

It is claimed that the amendatory Bankruptcy Act of 1903 has worked a change in the law; that by virtue of its provisions a creditor of an alleged bankrupt secured the right to maintain an action to vacate a preference before the election of a trustee, and, therefore, the cause of action existed before adjudication.

The defendant refers to expressions found in recognized authors, quoting: " The amendatory act of 1903 removed the doubt by the words added to subdivision (2). This subdivision impliedly recognizes the right of a creditor to institute proceedings to recover, for the benefit of the estate of the bankrupt, property transferred by him, either before or after filing of the petition. It will be observed that the act makes no distinction as to the character of the transfer, whether it be one involving actual fraud, an intent to hinder, delay, or defraud the creditors of the bankrupt, which the law declares to be null and void, or a constructive fraud. So, then, it makes no difference whether the transfer be one of actual or of constructive and technical fraud, so far as the interest and

rights of creditors are concerned." (Collier Bankruptcy [13th ed.], vol. 2, p. 1458.)

It is not claimed that the Bankruptcy Act expressly authorizes a creditor to maintain the action. That meaning is implied from the express provision for the reimbursement of a creditor for expenses in the successful prosecution of such an action, presented for the advantage of the general creditors. The language quoted might be susceptible of the contended construction, but that is all.

Even with that premise, that a creditor might in the absence of a trustee maintain the action, it seems to me that until and unless bankruptcy is adjudicated, the four months' period creating a preference never comes into play. Adjudication plus such a transfer within four months are the essentials. Without them, this particular cause of action could not exist.

No decision of this jurisdiction is cited in support of the defendant's contention. The defendant is content with an adjudication in the district of Alabama, to wit, *Frost* v. *Latham & Co.* (181 Fed. 866).

I find nothing necessarily inconsistent with the issues decided there and the ruling I would make here.

While there has been an adjudication but no trustee, the preservation of the estate warrants the institution of appropriate proceedings on the part of a creditor suing on behalf of himself and the other creditors. If the cause of action is to set aside a preference other than that created by the bankruptcy law, to wit, a transaction denounced as a common-law fraud, or constituting a conspiracy to defraud, such a cause of action can arise before adjudication and hence could be prosecuted before adjudication. But where the sole cause of action pleaded is to set aside a preference as defined by section 60, subdivision b, then no preference can exist without an adjudication in bankruptcy. Under our Civil Practice Act such a cause of action does not arise before such adjudication.

It follows that the defendant is not entitled to security for costs and the motion to vacate should be granted.