We are of the opinion, therefore, that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.

---

TERENCE S. RIELLY, as Trustee in Bankruptcy of WILLIAM ROSENBERG and JACOB KRAUSE, Formerly Composing the Firm of ROSENBERG & KRAUSE, Respondent, *v.* WILLIAM ROSENBERG and Others, Appellants.

*Security for costs — Code Civil Procedure, § 3268, does not apply to an action by a trustee in bankruptcy to set aside transfers by the bankrupt.*

The defendants in an action, brought by a trustee in bankruptcy to set aside certain assignments and transfers made by the bankrupts before the adjudication in bankruptcy with intent to defraud their creditors, are not entitled, as a matter of right, to an order requiring the trustee to give security for costs, under

section 3268 of the Code of Civil Procedure, which provides that a defendant may require security for costs where the plaintiff is an assignee in bankruptcy and the cause of action arose before the adjudication in bankruptcy.

Section 3268 does not apply to such a case, as the bankrupts not being entitled to attack the transfers, and it not appearing that there were any judgment creditors of the bankrupts, no cause of action of the character set out in the complaint existed in anybody until after the adjudication in bankruptcy and the appointment of the trustee.

APPEAL by the defendants, William Rosenberg and others, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 27th day of November, 1900, vacating an *ex parte* order requiring the plaintiff to give security for costs.

*Charles L. Cohn*, for the appellants.

*David Bandler*, for the respondent.

PATTERSON, J. :

The plaintiff, trustee in bankruptcy of Rosenberg & Krause, brought this action against the bankrupts and three other persons, seeking to set aside and have declared void various assignments and transfers of goods, wares and merchandise, book accounts, bills receivable and other instruments for the payment of money. He claimed that some of such transfers or assignments were made to each of the defendants, other than the bankrupts, and specific allegations of the nature of the assignments and transfers and the time at which they were made are contained in the complaint. All of the assignments and transfers are alleged to have been fraudulent and made as the result of a conspiracy to defraud the creditors of the bankrupts, and that the transactions in which such assignments were made were merely sham transactions intended to cheat and defraud the creditors of the bankrupts and in violation of the Bankruptcy Law (30 U. S. Stat. at Large, 544). All of the assignments and transfers were made before the adjudication in bankruptcy. After the commencement of this action the defendant Krause (one of the bankrupts) and Friedenberg, one of the alleged fraudulent transferees, procured an *ex parte* order requiring the plaintiff to give security for costs and staying all proceedings until that order was

FIRST DEPARTMENT, JANUARY TERM, 1901. [Vol. 57.

complied with, except to review or vacate it. Thereupon the plaintiff moved to vacate the order, and that motion duly coming on to be heard, the order requiring security for costs to be given was vacated, and from that order the defendants Krause and Friedenberg now appeal.

They insist that they were entitled to the order as a matter of right under section 3268 of the Code of Civil Procedure, which, among other things, provides in substance that a defendant in an action brought in a court of record may require security for costs to be given where the plaintiff was, when the action was commenced, an assignee in bankruptcy, where the action is brought upon a cause of action arising before the adjudication in bankruptcy. The mandatory requirement of that section applies only to a case in which the cause of action sought to be enforced by a plaintiff arose prior to the adjudication in bankruptcy. This requirement does not necessarily mean only that the facts out of which an action may arise shall exist before the adjudication in bankruptcy. The words " cause of action " are sometimes obscurely used in legislation. As was remarked in *Veeder* v. *Baker* (83 N. Y. 160): " Jurists have found much difficulty in precisely defining a cause of action. (Pomeroy on Remedies, § 452.) It may be said to be composed of the right of the plaintiff and the obligation, duty or wrong of the defendant; and these combined, it is sufficiently accurate to say, constitute the cause of action." Before the adjudication in bankruptcy involved in this case was made, the right to avoid the fraudulent transfers and recover the value of the property thus fraudulently transferred was certainly not in the bankrupts. Nor does it appear that there were any judgment creditors who could attack those transfers. There was, therefore, no cause of action of the character set out in the complaint in this action inhering in anybody until after the adjudication and the appointment of the plaintiff as trustee in bankruptcy. For that reason section 3268 would not apply.

The power to compel the plaintiff to give security for costs in this case, we think, falls under section 3271 of the Code of Civil Procedure. The plaintiff was a trustee of an express trust, and under such circumstances the court may, in its discretion, require the plaintiff to give security for costs. In vacating the *ex parte*

order the court exercised its discretion adversely to requiring the plaintiff to give security; and on the record before us we are certainly not disposed to interfere with its exercise of that discretion.

The order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.