## JOSEPH v. MAKLEY.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

SECURITY FOR COSTS—TRUSTEE IN BANKRUPTCY.

> Under Code Civ. Proc. § 3268, subd. 4, providing that the defendant may require security for costs to be given by an official trustee in bankruptcy where the action is brought on a cause of action arising before the appointment of the trustee, it was error, in an action by a trustee in bankruptcy to recover on a cause of action which accrued to the bankrupt before the appointment of the trustee, to deny defendant's motion for security for costs.

Appeal from special term, New York county.

Action by George S. Joseph, as trustee of the Mutual Mercantile Agency, a bankrupt, against John F. Makley. From an order denying defendant's motion for security for costs, he appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William B. Ellison, for appellant.
William L. Cahn, for respondent.

O'BRIEN, J. The action is one brought by a trustee in bankruptcy who was appointed as the result of proceedings had on or about October 25, 1901, the complaint alleging that the defendant, while a director of the now bankrupt corporation, wrongfully acquired on or about September 20, 1900, moneys of the said corporation, and thereafter, on or about October 24, 1900, wrongfully received shares of stock of the corporation belonging to it. The

defendant made applications for security for costs which were denied, and from the order so entered he appeals.

Of the two cases relied upon in denying the first (ex parte) application, and again urged on this appeal, Schreir v. Hogan (App. Div. March 7, 1902, not yet officially reported) 74 N. Y. Supp. 1051, merely followed the rule enunciated in the other and prior case of Rielly v. Rosenberg, 57 App. Div. 408, 68 N. Y. Supp. 265. In the Rielly Case the cause of action did not arise until after the proceedings in bankruptcy were initiated and the trustee elected. Here, however, the cause of action existed in favor of the corporation, and could be enforced by it long prior to the proceedings in bankruptcy; and the question, therefore, for our determination, is whether, upon this fact appearing, the rule formulated in Rielly v. Rosenberg, supra, is applicable.

Section 3268, subd. 4, Code Civ. Proc., provides that the defendant "may require security for costs" to be given by the "official assignee or official trustee of a debtor or an assignee in bankruptcy where the action is brought upon a cause of action arising before the assignment, the appointment of the trustee or the adjudication in bankruptcy." By the express language of the subdivision, therefore, a distinction is drawn between the right to obtain security for costs in an action brought by a trustee in bankruptcy where the cause of action arises before and where the cause of action arises after the appointment of the trustee or the adjudication in bankruptcy.

Upon the reading of the complaint, we think that the cause of action herein arose prior to the appointment of the trustee in bankruptcy, and therefore that the court could require the giving of security for costs. It will be noted, however, that the words used in section 3268 of the Code are, "may require security for costs to be given," and it rests, therefore, entirely within the discretion of the special term to determine, upon the particular facts, whether the security will be required. In the present instance the discretion of special term was not exercised because it was assumed that the Rielly Case was controlling, and that as against a trustee in bankruptcy the defendant had neither the right to require, nor the court power to order, the giving of security for costs. As we have endeavored to point out, however, no such decision was made in the Rielly Case; for what was therein stated applies only where the cause of action upon which the suit is brought arises after the adjudication in bankruptcy or the appointment of the trustee.

With respect to cases such as this, where the cause of action existed prior to such adjudication or appointment, it is the right of the defendant to require, and it is within the power of the court upon a sufficient showing to order, security to be given. To the end, therefore, that the special term may have the opportunity to examine the facts and determine the merits of the application, the order appealed from must be reversed, with $10 costs and disbursements, and the application remitted to special term for decision. All concur.