(47 Misc. Rep. 463.)

### LESSER v. BRADFORD REALTY CO.

(Supreme Court, Special Term, New York County.   June, 1905.)

BANKRUPTCY—ACTION BY TRUSTEE—PLEADING.

> A complaint in an action by a trustee in bankruptcy to set aside as a void preference a chattel mortgage made by the bankrupt within four months of the adjudication in bankruptcy is demurrable, where it fails to allege that there are not sufficient assets to pay all creditors who have filed claims against the estate and that the transfer was for an antecedent consideration.

Action by William Lesser, trustee in bankruptcy, against the Bradford Realty Company.   Issue of law on demurrer to complaint for insufficiency.   Demurrer sustained.

James F. McNaboe, for plaintiff.
George P. Fall, for defendant.

BISCHOFF, J.   This action is brought by the plaintiff, as trustee of a bankrupt, pursuant to the provisions of paragraphs "a" and "b" of section 60 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), to set aside a chattel mortgage made by the bankrupt upon the ground that this transfer was made less than four months prior to the filing of the petition in bankruptcy and created a preference in favor of the defendant, and thereby secured to it a greater percentage of its debt than that of any other creditor of the same class.   By demurrer the sufficiency of the complaint is challenged on the ground, first, that there is no specific allegation that the plaintiff, as trustee, has not sufficient assets to pay all the creditors who have filed their claims against the estate; second, that the complaint fails to state that the transfer was for an antecedent consideration; and, third, that the complaint fails to state that the bankrupt was insolvent at the time possession of the property was taken, as distinguished from the time when the bill of sale or mortgage was given.

With regard to the point last referred to, the complaint sufficiently alleges the insolvency of the bankrupt at the time when possession was taken under this instrument, and the date thus stated controls, without regard to the condition of the assets of the bankrupt at the time when the paper was executed and delivered.   Mathews v. Hardt, 79 App. Div. 578, 80 N. Y. Supp. 462.   As to the other points raised, my conclusion must be that the complaint is insufficient.   It has been directly held that the trustee's right to maintain such an action as this depends upon the fact that he has not sufficient assets in his hands to satisfy the claims of the creditors; the reason for the rule being that, since the transfer is good as between the parties to it, the transaction should not be set aside at the instance or for the benefit of third parties, unless it is necessary that they be heard in the interests of substantial justice.   As was said in Mueller v. Bruss (Wis.) 8 Am. Bankr. Rep. 447, 88 N. W. 232:

> "The trustee has no right superior to that of the creditors he represents. If we admit that the facts stated show such transfers to have been fraudulent, still no right to avoid them exists, unless it appears that some one was harmed.

It seems quite evident, without argument, that, unless it is made to appear that the property so conveyed is needed to pay the claims filed against the debtor, the trustee has no right to set such conveyances aside."

Directly to the same effect is the case of Deland v. Miller & Cheney Bank (Iowa) 11 Am. Bankr. Rep. 744, 93 N. W. 304, and I do not find that the rule stated in these cases has ever been questioned.

So far, also, as the complaint proceeds upon an alleged unlawful preference, an essential constituent of the cause of action is, necessarily, that the transfer was made in consideration of an antecedent debt. Tiffany v. Boatman's Inst., 18 Wall. 375, 388, 21 L. Ed. 868. In the case cited the court says:

"The preference at which this law is directed can only arise in case of an antecedent debt. To secure such a debt would be a fraud on the act, as it would work an unequal distribution of the bankrupt's property, and therefore the debtor and creditor alike are prohibited from giving or receiving any security whatever for a debt already incurred if the creditor had good reason to believe the debtor to be insolvent. But giving securities when the debt is created is not within the law, and if the transaction be free from fraud in fact, the party who loans the money can retain that until the debt is paid."

For all that appears from the allegations of this complaint, this transfer was made to secure an indebtedness presently arising, and within the rules stated the allegations are not sufficient. The failure to file this alleged bill of sale or chattel mortgage does not help the plaintiff's case, in view of the fact that this trustee does not, so far as appears, represent judgment creditors of the bankrupt. Matter of Economical Printing Co., 6 Am. Bankr. Rep. 619, 110 Fed. 514, 49 C. C. A. 133; Stephens v. Meriden Britannia Co., 160 N. Y. 178, 181, 54 N. E. 781, 73 Am. St. Rep. 678. For the reasons stated the demurrer must be sustained, with costs, with leave to plaintiff to amend on payment of costs, within 20 days.

Demurrer sustained, with costs, with leave to plaintiff to annul on payment of costs, within 20 days.