KIENDL v. DUBROFF et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. COSTS (§ 109*) — SECURITY FOR PAYMENT — PERSONS LIABLE — TRUSTEE IN BANKRUPTCY.

Where judgments were obtained in May and June, 1908, against one declared a bankrupt in February, 1909, upon which executions were issued and returned unsatisfied before June 30, 1908, a cause of action existed in favor of the judgment creditors, before the adjudication in bankruptcy, to set aside fraudulent conveyances made some eight months prior thereto, so that, in an action by the trustee in bankruptcy to set aside such conveyances, defendant could require security for costs, under Code Civ. Proc. § 3268, permitting defendant to require security, where plaintiff is an assignee in bankruptcy and the action is upon a cause of action arising before the adjudication in bankruptcy.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 458, 459; Dec. Dig. § 109.*]

2. FRAUDULENT CONVEYANCES (§ 241*)—ACTION TO SET ASIDE—ISSUANCE OF RETURN OF EXECUTION UNSATISFIED—NECESSITY.

A judgment creditor cannot sue to set aside a fraudulent conveyance by the debtor until the issuance of execution and its return unsatisfied.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 720–722; Dec. Dig. § 241.*]

Appeal from Special Term, Kings County.

Action by Adolph Kiendl as trustee in bankruptcy of Abraham Dubroff, a bankrupt, against Abraham Dubroff and others. From an order vacating an order requiring plaintiff to give security for costs, defendants Abramowitz appeal. Reversed, and motion to vacate denied.

Argued before JENKS, BURR, THOMAS, RICH, and MILLER, JJ.

Jacob Landy, for appellants.
Isaac Miller, for respondent.

RICH, J. The plaintiff, trustee in bankruptcy of the defendant Abraham Dubroff, brought this action to set aside certain conveyances affecting the real and personal property of the bankrupt. The complaint alleges that Dubroff was adjudicated a bankrupt in February, 1909, and that the plaintiff was elected trustee on March 9, 1909. The conveyances complained of were all made by the bankrupt more than eight months before the adjudication of bankruptcy. On May 19, 1909, an ex parte order was made at Special Term, requiring the plaintiff to give security for costs, under the provisions of section 3268 of the Code of Civil Procedure, which was subsequently, upon motion, vacated and set aside upon the ground that the determination of whether security for costs should be required was addressed to the discretion of the court under the provisions of section 3271 of the Code of Civil Procedure, and could be considered only upon notice. From the order accordingly entered this appeal is taken.

The only question presented by the record, requiring our consideration is whether the plaintiff's alleged cause of action arose prior to the adjudication in bankruptcy and the appointment of the trustee. If it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

did, the defendants were entitled, as matter of right, to the order requiring the security for costs, and the order appealed from must be reversed. The record shows that several judgments were obtained against the bankrupt in May and June, 1908, upon which executions were issued and returned unsatisfied prior to June 30th of that year, from which it must follow that, more than six months before the adjudication in bankruptcy, a cause of action to set aside and have the alleged fraudulent conveyances declared void existed in favor of such judgment creditors, and the case is brought within the provisions of section 3268 of the Code of Civil Procedure. I am unable to find any authority conflicting with the rule stated in Joseph v. Raff, 75 App. Div. 447, 78 N. Y. Supp. 310. Kronfeld v. Liebman, 78 App. Div. 437, 79 N. Y. Supp. 1083, is not in point, as in that case there was no proof before the court of the issuance and return of executions unsatisfied prior to the bankruptcy adjudication, until which time a judgment creditor was not in a position to maintain an action to set aside the fraudulent conveyances, and the cause of action alleged by the trustee in bankruptcy had not arisen. Adsit v. Butler, 87 N. Y. 585; Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13.

It follows that the order must be reversed, with $10 costs and disbursements, and the motion to vacate the order for security denied, with costs. All concur.