ENTWISLE v. COHEN et al.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

1. Costs (§ 109*)—Security for Costs—Action by Bankrupt's Trustee.

Code Civ. Proc. § 3268, provides that a defendant is entitled to require security for costs where plaintiff is an assignee in bankruptcy and the action is brought on a cause of action arising before the appointment of the trustee or the adjudication in bankruptcy, etc. *Held*, that since a bankrupt's trustee acquires his interest, by virtue of the bankruptcy act, as of the date of the adjudication, a cause of action by a bankrupt's trustee to set aside a conveyance of the bankrupt's real estate within four months prior to bankruptcy, alleged to be in fraud of creditors, accrued after bankruptcy; and hence the trustee could not be compelled to give security for costs under such section.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 109.*]

2. Bankruptcy (§ 302*)—Fraudulent Conveyances—Vacation—Action by Trustee—Pleading.

A bankrupt's trustee, suing to set aside a fraudulent conveyance, need not negative a cause of action in creditors, or prove title through judgments obtained by them; nor is he bound to allege insufficient assets to pay all claims filed by creditors against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 302.*]

3. Costs (§ 109*)—Security for Costs—Bankrupt's Trustee—Discretion.

Where a bankrupt's trustee, in resistance of a motion to compel him to give security for costs, filed an affidavit showing that he had assets in his hands sufficient to pay the costs of the action, an order requiring him to give security for costs would not be a proper exercise of discretion, under Code Civ. Proc. § 3271, providing that, in an action by a trustee, etc., the court in its discretion may require plaintiff to give security for costs.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 109.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Frank L. Entwisle, as trustee in bankruptcy of Louis H. Kramer, bankrupt, against Celia Cohen and another. Application by defendant Cohen to compel plaintiff to give security for costs. From an order granting such application, plaintiff appeals. Reversed and motion denied.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Abr. A. Silberberg, for appellant.
Samuel Berzick, for respondent Cohen.

THOMAS, J. The action was brought by the plaintiff, as trustee in bankruptcy, to set aside a conveyance of real property, made by the bankrupt to one Cohen, within four months of the date of filing the petition, on the ground that it was made upon the agreement that Cohen should hold the land for the benefit of the bankrupt, and thereby prevent plaintiff, or any other person acting in the interests of creditors, from obtaining the same. The defendant Cohen moved that plaintiff be compelled to give security for costs "in pursuance to and in compliance with sections 3268 and 3269 of the Code of Civil Procedure, and why the defendant Celia Cohen herein should not have such other and further relief in the premises as may be just and proper." The court, by an order reciting that the motion was made under such sections of the Code, ordered that plaintiff deposit with the clerk of the court, or the city chamberlain, a sum not less than $250, or in lieu thereof an undertaking with sureties for such amount, and that, in default of filing the bond or depositing the amount, the action be deemed abandoned as affecting the defendant Cohen.

Section 3269 has no application. Section 3268 is applicable "where the action is brought upon a cause of action, arising before * * * the adjudication in bankruptcy." So the question is whether the cause of action arose prior to the adjudication. Rielly v. Rosenberg, 57 App. Div. 408, 68 N. Y. Supp. 265; Schreier v. Hogan, 70 App. Div. 2, 74 N. Y. Supp. 1051. Assuming that a cause of action would have arisen, had one or more creditors obtained judgments and issued executions, and there had been return thereof unsatisfied before the bankruptcy (Kiendl v. Dubroff, 136 App. Div. 8, 120 N. Y. Supp. 121), yet such is not this case. It appears by the complaint that there were creditors who at a meeting elected the plaintiff trustee; but it does not appear in the complaint whether judgments had been obtained by the creditors. This was not necessary to enable the trustee to sue. The trustee takes title by virtue of the act pursuant to which he is appointed, and his interest is not dependent upon prior action by a judgment creditor. Southard v. Benner, 72 N. Y. 424. His cause of action arose after the adjudication in bankruptcy (Rielly v. Rosenberg, supra; Schreier v. Hogan, supra), and precludes the application of section 3268. Herein the case differs from Kiendl v. Dubroff, supra. The complaint alleges a cause of action in the trustee, and it was unnecessary to negative a cause of action in creditors, or to prove title through judgments obtained by them, although the

plaintiff shows by affidavit that there were no judgment creditors. It is sufficient that the trustee shows in himself title to the cause of action.

It is objected that the complaint fails to allege that there are not sufficient assets in the hands of the trustee to pay all claims filed by the creditors against the estate, and to this Lesser v. Bradford Realty Co., 47 Misc. Rep. 463, 95 N. Y. Supp. 933 is cited. But the creditors' right to file claims is limited to one year, which may be extended by the court, and the trustee cannot know within such time the amount of the claims. It is not his duty to await the expiration of this period, or withhold his action until the expenses of administration shall be ascertained, pending which the property may be dissipated. It is his duty to gain possession of the property, subject to distribution to his creditors. The defendant has fraudulently taken such property for the very purpose of preventing such application; but it is the trustee's duty promptly to recover and apply it. The contention that such holder may be solicitously continued in the fruits of his fraudulent withholding and concealment until other means of payment have been exhausted would, if it prevailed, facilitate, as it was intended to do, delay in payment or avoidance thereof. The adjudication in bankruptcy was April 5, 1910, and the complaint alleges "that the assets of the estate are insufficient to pay the bankrupt's debts in full." Certainly it is not the trustee's business to be mindful only of the debts already proven.

It is urged by the respondent that the court had power to compel plaintiff to give security for costs under section 3271 of the Code of Civil Procedure. Such section was not invoked, and in view of the recitals in the order it is inferred that it was not employed. Moreover, the affidavit presented in behalf of the plaintiff shows that he has assets in his hands sufficient to pay the costs of the action. It should be observed that there is no denial of the allegations of the complaint, or of the answering affidavit, that the conveyance was fraudulent, and that Celia Cohen participated in the fraud. Under such circumstances, the defendants should not be permitted to hamper and embarrass the trustee in bankruptcy by requiring security, so that, if the justice assumed to exercise discretion under section 3271 of the Code, he was unjustified in doing so.

The order should be reversed, with $10 costs and disbursements, and the motion to compel plaintiff to give security for costs denied, with $10 costs. All concur.