ing stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton and Rich, JJ., concurred.

Anna Roughtean, Appellant, v. Hannah M. Sarles,·Respondent.— If the defendant uttered the language charged in the complaint, it was most atrocious, if untrue. On the trial, she expressly conceded on the record that there was no justification for the use of the language, if it had been used. The question of its use was plainly for the jury. The trial court set aside the verdict conditionally, on the ground that it was excessive, and, so far as it had power, reduced the damages to fifty dollars. The jury found that the language had been used by the defendant. We think that a verdict in the sum of four hundred dollars as damages for a slander imputing unchastity and common prostitution to a married woman, in the presence of her husband, cannot be considered as excessive, and that, in any event, the amount of damages, conditionally fixed by the trial court at fifty dollars cannot be sustained by this court. The order granting a new trial is reversed, with costs, and the verdict unanimously reinstated. Present — Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ.

William H. Schofield, as Trustee in Bankruptcy of Dayve De Boris De Waltoff, Respondent, v. Dayve De Boris De Waltoff and Another, Defendants. Dora A. De Waltoff, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The record proof is that a judgment was recovered and execution issued and returned unsatisfied on November 24, 1913. The adjudication in bankruptcy was made on January 1, 1914. *Kiendl* v. *Dubroff* (136 App. Div. 8) is decisive of this appeal. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

William H. Schofield, as Trustee in Bankruptcy of Dayve De Boris De Waltoff, Respondent, v. Mechanics Bank of Brooklyn and Another, Defendants. Dora A. De Waltoff, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The record proof is that a judgment was recovered and execution issued and returned unsatisfied on November 24, 1913. The adjudication in bankruptcy was made on January 1, 1914. *Kiendl* v. *Dubroff* (136 App. Div. 8) is decisive of this appeal. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

William H. Schofield, as Trustee in Bankruptcy of Dayve De Boris De Waltoff, Respondent, v. Rebecca Wolper and Others, Defendants. Dora A. De Waltoff, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The record proof is that a judgment was recovered and execution issued and returned unsatisfied on November 24, 1913. The adjudication in bankruptcy was made on January 1, 1914. *Kiendl* v. *Dubroff* (136 App. Div. 8) is decisive of this appeal. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

Matthew J. Smith and Edward F. Nolte, Respondents, v. Raphael Langere and Others, Appellants. Staten Island Supply Company, Respondent.— The parties hereto having stipulated in open court that